**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| JVON STAPLETON, | : | Case No. 2: 22-cv-501 |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | District Judge Michael H. Watson |
| | : | Magistrate Judge Kimberly A. Jolson |
| WARDEN, ROSS CORRECTIONAL | : | |
| INSTITUTION, | : | |
| | : | |
| Respondent. | : | |

---

### REPORT AND RECOMMENDATION

---

Petitioner, an inmate in state custody at the Ross Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254. (Doc. 3, at PageID 24).[1] This matter is before the Court on the petition (Doc. 3), respondent's return of writ (Doc. 8), and the state-court record (Doc. 7). Petitioner did not file a traverse and the time for doing so has now passed. For the reasons that follow, the Undersigned recommends that the petition be **DENIED with prejudice**.

### I.      Procedural History

### A.      State Trial Proceedings

In September 2018, a Pickaway County, Ohio, grand jury returned a 43-count indictment against petitioner. (Doc. 7, Ex. 1). Counts 1 through 19 charged petitioner with pandering

---

[1]Although petitioner filed his petition under 28 U.S.C. §§ 2241 and 2254, the proper vehicle for a state prisoner to collaterally attack the lawfulness and/or execution of his sentence is under 28 U.S.C. § 2254. *See Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006) ("[Section] 2254 allows state prisoners to collaterally attack either the imposition *or* the execution of their sentences. And indeed, there exists some question whether state prisoners may *ever* proceed under § 2241."). Here, the proper course is to allow petitioner "to proceed under § 2241 [and § 2254], but subject [the petition] to the restrictions imposed by § 2254." *Id.*

obscenity involving a minor, in violation of Ohio Rev. Code § 2907.321(A)(5); Counts 20 through 38 charged petitioner with illegal use of a minor in nudity-oriented material or performance, in violation of Ohio Rev. Code § 2907.323(A)(3); Counts 39 and 40 charged petitioner with pandering sexually oriented matter involving a minor, in violation of Ohio Rev. Code § 2907.322(A)(5); Counts 41 and 42 charged petitioner with disseminating matter harmful to juveniles, in violation of Ohio Rev. Code § 2907.31(A)(1); and Count 43 charged petitioner with attempted unlawful sexual conduct with a minor, in violation of Ohio Rev. Code §§ 2923.02(A) and 2907.04(A). (*Id.*). Petitioner entered a plea of not guilty. (Doc. 7, Ex. 2).

On February 21, 2019, the case proceeded to a jury trial. The Ohio Court of Appeals, Fourth Appellate District, provided the following summary of the facts that led to petitioner's convictions:[2]

> At trial, Circleville Police Detective Dan Maher testified that he is a member of the Franklin County Internet Crimes Against Children Task Force. Maher stated that task force members receive specialized training involving internet crimes against children and that the training includes cell phone forensics and procedures for analyzing and reviewing physical evidence. Maher stated that he has received data recovery certification for cell phones. After this initial inquiry, the trial court granted the state's request to qualify the detective as an expert in cell phone forensics and analysis.
>
> Detective Maher explained that on July 16, 2018, he obtained appellant's cell phone and "immediately put it in airplane mode." The detective stated that placing the phone in airplane mode would keep the phone in the same condition as when he recovered it. Maher related that, upon viewing the cell phone, he observed a picture of a naked female who appeared to be a minor. He thus took the phone to the police department and docketed it into evidence. The detective also sent a preservation request to Facebook.
>
> Detective Maher stated that he subsequently identified the minor as C.D. by taking a screenshot of her Facebook account that he found on appellant's cell phone. The

---

[2] 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence." Because petitioner has not presented clear and convincing evidence to rebut the Ohio Court of Appeals' factual findings quoted herein, the state appellate court's factual findings are presumed to be correct. *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004).

detective contacted another detective who lived near the minor and asked this detective to reach out to the family. This other detective then obtained the minor's cell phone and gave it to Maher. Maher further explained that he spoke with the minor and confirmed that she was under the age of eighteen and that she is the individual depicted in the photographs found on appellant's cell phone. Detective Maher also performed a cell phone extraction of the minor's phone.

Detective Maher indicated that when he extracted information from both appellant's and the minor's phone, he used a "cellebrite device, which is the most used cellular forensic tool." Maher related that the device reads the cell phone data and copies it.

Detective Maher stated that after he extracted the data, he performed a search and generated a report of the conversations between appellant and the minor. The detective testified that the conversations began on July 14, 2018, at 1:24:50 a.m., when appellant sent a message to the minor that stated, "Hi this is Jay from Meet 24 [sic]." Maher explained that "Meet 24" is a dating cell phone application. After appellant sent his message, the minor responded, "Hi Jay." The two continued to exchange messages, and appellant eventually asked the minor to "send me some pictures please nothing bad [sic]." The conversation continued, and appellant kept pressing the minor to send him more and more photos in various states of undress. With each request, appellant asked the minor to expose more nudity. At first, appellant requested the minor send him photographs showing the victim wearing undergarments. Later, he asked the victim to send him a photograph that shows the victim with her legs spread without undergarments. The victim also sent appellant two videos that showed the victim masturbating. Additionally, appellant sent photographs of himself in various states of undress, as well as close-up photographs of his penis. All together, appellant sent the victim ten photographs of himself, either completely naked or of his erect penis. The victim sent appellant nineteen images that either depicted her vagina, breasts, or otherwise depicted her as nude.

At the close of the evidence, the state asked the court to amend the indictment by dismissing count forty-three, attempted unlawful sexual conduct with a minor in violation of R.C. 2923.02(A) and 2970.04(A). The court granted the motion. Subsequently, the jury found appellant guilty of all offenses except count forty-two, one of the disseminating-matter-harmful-to-juveniles offenses.

*State v. Stapleton*, No. 19CA7, 2020 WL 5567436, at *1–2 (Ohio App. Sept. 10, 2020).

The trial court sentenced petitioner on February 25, 2019:

The court first determined that the illegal-use-of-a-minor offenses merged with the pandering-obscenity-involving-a-minor offenses. The court ordered appellant to serve eighteen months in prison for each of the nineteen pandering obscenity offenses and for the two pandering sexually oriented matter involving a minor offenses. The court sentenced appellant to twelve months in prison for the

disseminating matter harmful to juveniles offense. The court further ordered appellant to serve all of the sentences consecutively for a total sentence of three hundred ninety months.

*Stapleton*, 2020 WL 5567436, at *3. Subsequently, the trial court issued a *nunc pro tunc* entry reflecting that petitioner was adjudicated a Tier III sexually oriented offender. (Doc. 7; Ex. 5).

## B.    Direct Appeal

Petitioner, through new appellate counsel, raised the following four assignments of error on direct appeal:

1.  The trial court erred by permitting the introduction of hearsay evidence by Detective Maher. The Appellant was denied his right to a fair trial, due process of law, his right to confront witnesses and equal protection of the law when the detective testified as to hearsay evidence, which was evidence spoken or written by some other person(s) who were not present and who did not testify. This was in violation of the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution.

2.  Evidence of the putative cell phone, cell phone extractions, text messages a Facebook account, and a video recording of C.D. masturbating were not properly authenticated as to origin and accuracy. They were improperly admitted into evidence and denied Appellant his rights of confrontation of witnesses, and a fair trial in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution.

3.  The trial court erred by sentencing Appellant to multiple consecutive prison terms when those felony counts were allied offenses of similar import, all involving the same animus. This was in violation of Ohio Revised Code Section 2941.25. This was a violation of Appellant's right to be free from double jeopardy, a fair trial, and due process of law and equal protection of the law as guaranteed him by the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution.

4.  Defense counsel rendered ineffective assistance of counsel to the Appellant by failing to object to the hearsay evidence and the unauthenticated evidence, along with failing to object to the admission into evidence of sixty-eight (68) different exhibits, all of which were predicated upon hearsay evidence or unauthenticated evidence. Defense counsel was ineffective for failing to object to consecutive sentences imposed upon Appellant. This was a denial of Appellant's right to counsel, a fair trial, due process of law and equal protections of law guaranteed him by the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution.

4

(Doc. 7, Ex. 7).  On September 10, 2020, the Ohio Court of Appeals affirmed the trial court's judgment.  *Stapleton*, 2020 WL 5567436, at *14.  Petitioner failed to file a timely appeal to the Supreme Court of Ohio.

## C.    Motion For Delayed Appeal

On December 10, 2020, petitioner filed a *pro se* motion in the Ohio Supreme Court for permission to file an untimely appeal.  (Doc. 7, Exs. 10, 11).  The Ohio Supreme Court granted the motion to file the appeal out-of-time but ultimately dismissed the appeal on January 26, 2021, when petitioner failed to file his memorandum in support of jurisdiction by the date the court ordered.  (Doc. 7, Exs. 12, 13).

## D.    Rule 26(B) Application to Reopen Direct Appeal

In the meantime, on November 30, 2020, petitioner filed a *pro se* Ohio App. Rule 26(B) application to reopen his appeal.  (Doc. 7, Ex. 14).  He raised the following two assignments of error:

> 1.  Appellant was denied his right of ineffective assistance [sic] of appellate counsel.
>
> 2.  Section 2929.14(C)(4) of the Ohio Revised Code is constitutionally void under the Eighth, Tenth and Fourteenth Amendments to the United States Constitution.

(*See* Doc. 3, at PageID 25).  On March 9, 2021, the Ohio Court of Appeals denied the Rule 26(B) application, finding that petitioner had not "established a colorable claim that appellate counsel performed deficiently."  (Doc. 7, Ex. 15, at PageID 249).  On April 23, 2021, petitioner filed a *pro se* appeal to the Ohio Supreme Court, asserting the following two assignments of error:

> 1.  Appellant had ineffective assistance of Appellate Counsel in violation of his constitutional rights under the Sixth and Fourteenth Amendments of the United States Constitution not raising the unconstitutional sentence under R.C. 2929.14(C)(4) and Tenth Amendment violation of separation of powers.

2. Section 2929.14(C)(4) of the O.R.C. is unconstitutionally void under the Tenth Amendment of the United States Constitution and prejudiced the Appellant with legislative discretion granted to the trial court to impose consecutive sentences in violation of section 2941.25(A) and the Fourteenth Amendment of the United States Constitution.

(Doc. 7, Exs. 16, 17). On July 6, 2021, the Ohio Supreme Court declined further review. (Doc. 7, Ex. 18).

## E. Federal Habeas Corpus Petition

In the instant federal habeas action, petitioner asserts the following two grounds for relief:

**GROUND 1:** Petitioner had ineffective assistance of Appellate Counsel in violation of his constitutional rights under the Sixth and Fourteenth Amendments of the United States Constitution not raising the unconstitutional sentence under R.C. 2929.14(C)(4) and Tenth Amendment violation of separation of powers.

**Supporting Facts**: The petitioner set forth facts and law of the deficient representation of his appellate counsel. The appellate counsel raised assignments of error alleging the admission of hearsay evidence into the trial. The trial consisted of computer and cell phone documents or files. In Ohio, the introduction of documents files is achieved under Ohio Rules of Evidence, Rule 901 and 902. The appellate counsel knows these two rules of evidence are not hearsay rules. The trial did not allow admission of any evidence under the hearsay rules. The deficient representation of the appellate counsel prejudiced the outcome of the petitioner's right to effective assistance in the review of his case before the Fourth District Court of Appeals. The assignments of error are appalling. The Merit Brief and assignments of error submitted on behalf of the petitioner by his appointed appellate counsel mirrored the work of a jailhouse lawyer. The actions of the appellate counsel prejudiced the petitioner and prevented any meaningful review before the State Appellate Court.

**GROUND 2:** Section 2929.14(C)(4) of the Ohio Revised Code is constitutionally void under the Tenth Amendments to the United States Constitution and prejudiced the Appellant with legislative discretion granted to the trial court to impose consecutive sentences in violation of section 2941.25(A) and the Fourteenth Amendment of the United States Constitution.

**Supporting Facts:** The petitioner was convicted of a multiple of offenses. These offenses under Ohio law are 4th and 5th degree felonies. The petitioner sentenced on each individual offense as required under the statutory sentencing scheme in Ohio, R.C. 2941.25(B). Section 2929.41(A) of the Revised Code mandates each of these multiple offenses to be served concurrently. Instead of running the offenses concurrent under R.C. 2929.41(A), the trial Judge opted to use a

sentencing sanction enhancement statute, R.C. 2929.14(C)(4). This resulted in the Judge imposing a 37-year sentence on the petitioner.

(Doc. 3, at PageID 26–28; 30–31).

In the return of writ, respondent asserts that the petition should be denied because (1) Ground One is without merit and contains claims that are non-cognizable, and (2) Ground Two is procedurally defaulted and contains claims that are non-cognizable. (Doc. 8). As is set forth above, petitioner has not filed a traverse.

## II.     THE PETITION SHOULD BE DENIED.

In this federal habeas case, the applicable standard of review governing the adjudication of constitutional issues raised by petitioner to the state courts is set forth in 28 U.S.C. § 2254(d). Under that provision, a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits by the state courts unless the adjudication either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Otte v. Houk,* 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor,* 529 U.S. 362, 412–13 (2000)). "A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when 'the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies

7

that principle to the facts of the prisoner's case.'" *Id.* at 599–600 (quoting *Williams,* 529 U.S. at 413).

The statutory standard, established when the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was enacted, is a difficult one for habeas petitioners to meet. *Id.* at 600. As the Sixth Circuit explained in *Otte*:

> Indeed, the Supreme Court has been increasingly vigorous in enforcing AEDPA's standards. *See, e.g., Cullen v. Pinholster,* __ U.S. __, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011) (holding that AEDPA limits a federal habeas court to the record before the state court where a claim has been adjudicated on the merits by the state court). It is not enough for us to determine that the state court's determination is *incorrect*; to grant the writ under this clause, we must hold that the state court's determination is *unreasonable*. . . . This is a "substantially higher threshold.". . . To warrant AEDPA deference, a state court's "decision on the merits" does not have to give any explanation for its results, *Harrington v. Richter,* __ U.S. __, 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011), nor does it need to cite the relevant Supreme Court cases, as long as "neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8, 123 S. Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam).

*Id.* (emphasis in original). The Supreme Court extended its ruling in *Harrington* to hold that when a state court rules against a defendant in an opinion that "addresses some issues but does not expressly address the federal claim in question," the federal habeas court must presume, subject to rebuttal, that the federal claim was "adjudicated on the merits" and thus subject to the "restrictive standard of review" set out in § 2254(d). *See Johnson v. Williams*, 568 U.S. 289, 292 (2013).

Although the standard is difficult to meet, § 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings" and "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). In other words, to obtain federal habeas relief under that provision, the state prisoner must show that the state court ruling on the claim presented "was so lacking in

8

justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

The Supreme Court has made it clear that in assessing the merits of a constitutional claim under § 2254(d), the federal habeas court must apply the Supreme Court precedents that controlled at the time of the last state-court adjudication on the merits, as opposed to when the conviction became "final." *Greene v. Fisher*, 565 U.S. 34, 38–40 (2011); *cf. Otte,* 654 F.3d at 600 (citing *Lockyer v. Andrade,* 538 U.S. 63, 71–72 (2003)) (in evaluating the merits of a claim addressed by the state courts, the federal habeas court must "look to Supreme Court cases already decided at the time the state court made its decision"). In *Greene*, 565 U.S. at 38, the Court explained:

> [W]e held last term in *Cullen v. Pinholster*, 563 U.S. __, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011), that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the prisoner's claim on the merits. We said that the provision's "backward-looking language requires an examination of the state-court decision at the time it was made." *Id.*, at __, 131 S.Ct. at 1398. The reasoning of *Cullen* determines the result here. As we explained, § 2254(d)(1) requires federal courts to "focu[s] on what a state court knew and did," and to measure state-court decisions *as of 'the time the state court renders its decision*.'" *Id.*, at __, 131 S.Ct. at 1399 (quoting *Lockyer v. Andrade,* 538 U.S. [at] 71-72 . . .; emphasis added).

Decisions by lower courts are relevant "to the extent [they] already reviewed and interpreted the relevant Supreme Court case law to determine whether a legal principle or right had been clearly established by the Supreme Court." *Otte*, 654 F.3d at 600 (quoting *Landrum v. Mitchell*, 625 F.3d 905, 914 (6th Cir. 2010)). The writ may issue only if the application of clearly established federal law is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee v. Yukins,* 229 F.3d 506, 510 (6th Cir. 2000) (citing *Williams,* 529 U.S. at 412).

9

A.      **GROUND ONE SHOULD BE DENIED.**

In Ground One, petitioner asserts that appellate counsel provided ineffective assistance by not arguing that Ohio Rev. Code § 2929.14(C)(4) violated the Tenth Amendment's separation of powers. (Doc. 3, at PageID 26). According to petitioner, appellate counsel instead raised weaker hearsay arguments that counsel should have realized lacked merit. (*Id.*, at PageID 27–28). Petitioner also asserts that the Ohio Court of Appeals improperly denied his Rule 26(B) application by failing to make factual determinations or conclusions of law, apply state and federal law, and hold an evidentiary hearing. (*Id.*, at PageID 28–29).

> To establish a claim of ineffective assistance of counsel, the defendant must show both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010) (holding that ineffective-assistance-of-appellate-counsel claims are governed by the same *Strickland* standard as claims of ineffective assistance of trial counsel). The performance inquiry requires the defendant to "show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The test for prejudice is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

*Nicholson v. Gray*, No. 19-4274, 2020 WL 3498109, at *2 (6th Cir. May 14, 2020). "To show ineffective assistance when appellate counsel presents one argument instead of another, 'the petitioner must demonstrate that the issue not presented was clearly stronger than issues that counsel did present.'" *Id.* (quoting *Caver v. Straub*, 349 F.3d 340, 348 (6th Cir. 2003)) (internal quotation marks omitted).

The Ohio Court of Appeals reasonably concluded that appellate counsel did not perform ineffectively by failing to raise a Tenth Amendment challenge to § 2929.14(C)(4).[3] The court explained:

---

[3] The Ohio Court of Appeals also rejected arguments that Ohio Rev. Code § 2929.14(C)(4) violated the Eighth and Fourteenth Amendments. (*See* Doc. 7, Ex. 15, at PageID 244–46, 248–50). Petitioner raises challenges to § 2929.14(C)(4) under the Fourteenth Amendment in Ground Two of his petition. Petitioner, however, does not

Appellant next asserts that appellate counsel's failure to argue that R.C. 2929.14(C)(4) violates the Tenth Amendment to the United States Constitution constitutes ineffective assistance. Appellant asserts that "the Tenth Amendment protects the liberty of all persons within a state by ensuring that laws enacted in excess of delegated governmental power cannot direct or control their liberty through arbitrary power." Appellant claims that R.C. 2929.14(C)(4) violates the Tenth Amendment by delegating "police power to the trial judges."

The Tenth Amendment provides: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." We, however, believe that appellant's reliance upon the Tenth Amendment is misplaced. The Tenth Amendment does not speak to a state legislature's authority to give state courts sentencing authority. Instead, the Tenth Amendment expresses the concept that the federal government "possesses only limited powers; the States and the people retain the remainder." *Bond v. United States*, 572 U.S. 844, 854, 134 S. Ct. 2077, 2086, 189 L.Ed.2d 1 (2014).

Moreover, we observe that "[t]he power to define and classify and prescribe punishment for felonies committed within the state is lodged in the General Assembly of the state." *State v. O'Mara*, 105 Ohio St. 94, 136 N.E. 885 (1922), paragraph one of the syllabus, *overruled in part on other grounds*, *Steele v. State*, 121 Ohio St. 332, 333, 168 N.E. 846 (1929). However, "[t]he determination of guilt in a criminal matter and the sentencing of a defendant convicted of a crime are solely the province of the judiciary." *State ex rel. Bray v. Russell*, 89 Ohio St.3d 132, 136, 729 N.E.2d 359, 362, 2000 WL 628316 (2000), citing *State ex rel. Atty. Gen. v. Peters*, 43 Ohio St. 629, 648, 4 N.E. 81, 86 (1885). We further note that a trial court's authority "to impose sentences derives from the statutes enacted by the General Assembly." *State v. Bates*, 118 Ohio St.3d 174, 2008-Ohio-1983, 887 N.E.2d 328, ¶ 12. Additionally, the decision to impose consecutive or concurrent sentences remains "'solely within the discretion of the sentencing court'" unless otherwise provided by statute. *Id*. at ¶ 13, quoting *Stewart v. Maxwell*, 174 Ohio St. 180, 181, 22 O.O.2d 116, 187 N.E.2d 888 (1963). Based upon the foregoing, we are unable to conclude that appellant has raised a genuine issue of whether appellate counsel's failure to argue that R.C. 2929.14(C)(4) violates the Tenth Amendment to the United States Constitution, or that the trial court otherwise lacked authority to impose consecutive sentences, constitutes ineffective assistance of counsel.

(Doc. 7, Ex. 15, at PageID 246–47).

---

include any Eighth Amendment claims in his habeas corpus petition and thus has waived those claims. *See Crawford v. Warden*, No. 1:10-CV-541, 2011 WL 5307408, at *9 n.4 (S.D. Ohio Sept. 29, 2011), *report and recommendation adopted*, No. 1:10CV541, 2011 WL 5304157 (S.D. Ohio Nov. 3, 2011) (issue not raised in habeas petition deemed waived).

The state appellate court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.  "[T]he federal doctrine of separation of powers does not apply to the states." *Bailum v. Warden, Lebanon Corr. Inst.*, 832 F. Supp. 2d 893, 903 (S.D. Ohio 2011) (citing *Sweezy v. New Hampshire,* 354 U.S. 234, 255 (1957)).  As such, petitioner's "federal separation of powers claim . . . would have failed had his counsel raised it on appeal." *Id.*  Because petitioner's Tenth Amendment argument was without merit, he cannot show that the claim was clearly stronger than the hearsay arguments raised by counsel on appeal or that the state appellate court unreasonably applied *Strickland* in rejecting this claim.  *See Willis v. Smith,* 351 F.3d 741, 745 (6th Cir. 2003) ("appellate counsel cannot be ineffective for failure to raise an issue that lacks merit.") (citation omitted).[4]

Further, to the extent that petitioner claims that the Ohio Court of Appeals improperly denied his Rule 26(B) application (*see* Doc. 3, at PageID 28–29), he is challenging the correctness of a state post-conviction proceeding and not the convictions themselves.  Because a Rule 26(B) application to reopen is a collateral proceeding, *see Lopez v. Wilson,* 426 F.3d 339, 352 (6th Cir. 2005) (*en banc*), allegations of error in this process are not cognizable on federal habeas corpus review.  *See, e.g.*, *Adkins v. Konteh,* 2007 WL 461292, *4 (N.D. Ohio 2007).

Accordingly, Ground One should be denied.

---

[4]The Court understands the ineffective-assistance-of-appellate-counsel claim in Ground One to be limited to petitioner's claim that appellate counsel should have raised a Tenth Amendment challenge to § 2929.14(C)(4). However, to the extent that petitioner may assert that he is also challenging appellate counsel's failure to raise the argument under state law, the Ohio Court of Appeals rejected this issue when it denied his Rule 26(B) application. The state court found that petitioner failed to raise "a genuine issue of whether appellate counsel's failure to argue that . . . the trial court otherwise lacked authority to impose consecutive sentences . . . constitutes ineffective assistance of counsel."  (Doc. 7, Ex. 15, at PageID 246–47).  This Court is bound by the state appellate court's interpretation of Ohio law on this issue.  *Norris v. Schotten*, 146 F.3d 314, 328 (6th Cir. 1998).  Petitioner has not shown that the Ohio Court of Appeals' rejection of this "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *See Harrington*, 562 U.S. at 103.

12

**B.      GROUND TWO SHOULD BE DENIED.**

In Ground Two, petitioner asserts the substantive Tenth Amendment claim underlying Ground One of the petition.  Petitioner also asserts that Ohio Rev. Code § 2929.14(C)(4) violates the Fourteenth Amendment by giving the trial court discretion to impose consecutive sentences on fourth and fifth degree felonies in violation of Ohio Rev. Code § 2941.25(A), governing "Multiple counts," and § 2929.41(A), governing "Multiple sentences."  (*See* Doc. 3, at PageID 31–32).

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action.  *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275–76 (1971).  In order to satisfy the fair presentation requirement, the claims asserted in the federal habeas petition must be based on the same facts and same legal theories that were presented to the state courts.  *Carter v. Mitchell,* 693 F.3d 555, 568 (6th Cir. 2012) (citing *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Wong v. Money,* 142 F.3d 313, 322 (6th Cir. 1998)).  Moreover, a claim is deemed fairly presented only if the petitioner presented his constitutional claims for relief to the state's highest court for consideration.  *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99–100 (6th Cir. 1985).  If the petitioner fails to fairly present his constitutional claims through the requisite levels of state appellate review to the state's highest court, or commits some other procedural default that prevents a merit-based review of the federal claims by the state's highest court, he may have waived the claims for purposes of federal habeas review.  *See O'Sullivan,* 526 U.S. at 847–48; *Harris v. Reed,* 489 U.S. 255, 260–62

(1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

It is well-settled under the procedural default doctrine that the federal habeas court may be barred from considering an issue of federal law from a judgment of a state court if the judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *See Harris,* 489 U.S. at 260–62. The Supreme Court has stated:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson,* 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, *Coleman,* 501 U.S. at 750, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something to preserve the issue for appellate review. *United States v. Frady,* 456 U.S. 152, 167–69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996).

The Sixth Circuit employs a three-prong test, which was initially established in *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986), to determine if a claim is procedurally defaulted under the adequate and independent state ground doctrine:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule . . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction . . . . Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

*Hoffner v. Bradshaw, 622* F.3d 487, 495 (6th Cir. 2010) (quoting *Jacobs v. Mohr,* 265 F.3d 407,

417 (6th Cir. 2001) (in turn quoting *Maupin*)); *see also Johnson v. Bradshaw*, 493 F. App'x 666,

669 (6th Cir. 2012).  Under *Maupin* and as discussed above, if the three prerequisites are met for

finding a claim is procedurally defaulted under the adequate and independent state ground

doctrine, federal habeas corpus review of the defaulted claim is precluded unless the petitioner can

demonstrate cause for and prejudice from his procedural default or that failure to consider the

defaulted claim will result in a "fundamental miscarriage of justice."  *Hoffner,* 622 F.3d at 495

(citing *Maupin,* 785 F.2d at 138); *Johnson,* 493 F. App'x at 669.  *See also Coleman*, 501 U.S. at

750; *Harris,* 489 U.S. at 262; *Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456

U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

<u>*Tenth Amendment Claim*</u>

Petitioner did not raise his Tenth Amendment claim on direct appeal.  "Under Ohio law,

the failure to raise on appeal a claim that appears on the face of the record constitutes a procedural

default under the State's doctrine of *res judicata*."  *Wong*, 142 F.3d at 322.  To the extent that

petitioner raised his Tenth Amendment challenge to § 2929.14(C)(4) as a substantive claim in his

Rule 26(B) application,

> a Rule 26(B) application "based on ineffective assistance cannot function to
> preserve" the underlying substantive claim.  *Id.; see also Roberts v. Carter,* 337
> F.3d 609, 615 (6th Cir.2003) (noting that, "[i]n light of the requirements of Rule
> 26(B), the court's holding must be read as pertaining to the merits of" the
> ineffective assistance claim, not the underlying state procedural rule claim).

*Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008).

This claim is therefore procedurally barred unless petitioner can establish cause and

prejudice to excuse his procedural default or that failure to consider the defaulted claim will result

in a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 750.[5] "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[,] '. . . some objective factor external to the defense [that] impeded . . . efforts to comply with the State's procedural rule.'" *Id.* at 753 (quoting *Murray*, 477 U.S. at 488). It is petitioner's burden to show cause and prejudice. *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001). A petitioner's *pro se* status, ignorance of the law, or ignorance of procedural requirements are insufficient bases to excuse a procedural default. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004). Instead, in order to establish cause, a petitioner "must present a substantial reason that is external to himself and cannot be fairly attributed to him." *Hartman v. Bagley*, 492 F.3d 347, 358 (6th Cir. 2007). To establish that failure to consider a defaulted claim will result in a "fundamental miscarriage of justice," a petitioner must establish that the alleged error "probably resulted in the conviction of one who is actually innocent." *See Murray,* 477 U.S. at 495–96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995).

As set forth above in Ground One, petitioner has not shown that the state court of appeals unreasonably concluded that appellate counsel did not perform ineffectively by failing to raise a Tenth Amendment challenge to § 2929.14(C)(4). Petitioner, therefore, cannot rely on ineffective assistance of appellate counsel as cause to excuse the procedural default of this claim.[6] Petitioner has not otherwise argued or established that cause and prejudice or a miscarriage of justice excuse

---

[5]"The Ohio rule of *res judicata* satisfies the first three factors in *Maupin*." *Johnson v. Kerns*, No. 3:10CV0310, 2011 WL 3288396, at *6 (N.D. Ohio July 12, 2011), *report and recommendation adopted*, No. 3:10 CV 310, 2011 WL 3290170 (N.D. Ohio July 29, 2011). As set forth above, federal habeas corpus review of the defaulted claim is therefore precluded unless petitioner can demonstrate cause for and prejudice from his procedural default or that failure to consider the defaulted claim will result in a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 750.

[6]The ineffective assistance of appellate counsel may constitute cause for a procedural default if petitioner can show that counsel performed deficiently and that counsel's deficient performance prejudiced the defense. *Joseph v. Coyle,* 469 F.3d 441, 459 (6th Cir.2006) (citing *Strickland,* 456 U .S. at 687).

his default.  *Coleman,* 501 U.S. at 750.  Accordingly, petitioner's claim that § 2929.14(C)(4)

violates the Tenth Amendment is procedurally defaulted and barred from habeas review.[7]

*Fourteenth Amendment Claim*

Petitioner asserts that § 2929.14(C)(4) violates the Fourteenth Amendment by giving the

trial court discretion to impose consecutive sentences on fourth and fifth degree felonies in

violation of §§ 2941.25(A) and 2929.41(A).  As with petitioner's Tenth Amendment claim, this

claim was not raised on direct appeal and is procedurally defaulted.  *Wong*, 142 F.3d at 322.

Petitioner's Fourteenth Amendment claim is therefore procedurally barred unless petitioner can

establish cause and prejudice to excuse his procedural default or that failure to consider the

defaulted claim will result in a fundamental miscarriage of justice.  *Coleman,* 501 U.S. at 750.

Petitioner cannot rely on ineffective assistance of appellate counsel to excuse the default

of his due process claim.  Although he raised a Fourteenth Amendment due process claim in his

Rule 26(B) application, the Ohio Court of Appeals reasonably found that the claim was not

sufficiently developed to support an ineffective-assistance-of-appellant-counsel claim.  The court

explained:

> Appellant contends that appellate counsel's failure to raise a Fourteenth
> Amendment due-process challenge to R.C. 2929.14(C)(4) also constitutes
> ineffective assistance.  Appellant asserts that R.C. 2929.14(C)(4) "weaponize[s]"
> trial judges to usurp "the people's will to minimize the incarceration for Ohio
> citizens under fourth and fifth degree felonies."  Appellant does not, however,
> further develop his due process argument.  As the Ohio Supreme Court observed in
> *In re C.S.*, "due process" is an elusive concept that "'has never been, and perhaps
> can never be, precisely defined.'"  115 Ohio St.3d 267, 2007-Ohio-4919, 874
> N.E.2d 1177, 180, quoting *Cafeteria & Restaurant Workers Union v. McElroy*, 367
> U.S. 886, 895, 81 S. Ct. 1743, 6 L.Ed.2d 123 (1961); *Hannah v. Larche*, 363 U.S.
> 420, 442, 80 S. Ct. 1502, 1514, 4 L.Ed.2d 1307 (1960).
>
> "[D]ue process 'is not a technical conception with a fixed content
> unrelated to time, place and circumstances.'  *Cafeteria Workers v.*

---

[7]To the extent that this claim is based on alleged violations of state law, it presents a non-cognizable
issue of state law.  *See Lewis v. Jeffers,* 497 U.S. 764, 780 (1990).

> *McElroy*, 367 U.S. 886, 895, 81 S. Ct. 1743, 1748, 6 L.Ed.2d 1230. Rather, the phrase expresses the requirement of 'fundamental fairness,' a requirement whose meaning can be as opaque as its importance is lofty.  Applying the Due Process Clause is therefore an uncertain enterprise which must discover what 'fundamental fairness' consists of in a particular situation by first considering any relevant precedents and then by assessing the several interests that are at stake."
>
> *Lassiter v. Dept. of Social Servs. of Durham Cty., North Carolina*, 452 U.S. 18, 24–25, 101 S. Ct. 2153, 68 L.Ed.2d 640 (1981); accord *State v. Lynn*, 129 Ohio St.3d 146, 2011-Ohio-2722, 950 N.E.2d 931, ¶ 11.
>
> In the case sub judice, appellant did not argue that R.C. 2929.14(C)(4) is fundamentally unfair, or otherwise explain how R.C. 2929.14(C)(4) violates due process principles.  We believe that appellant's claim, that to allow trial judges to impose consecutive sentences for fourth and fifth degree felonies violates due process, does not present a complete legal argument subject to appellate review.  We do note that appellate counsel did challenge the trial court's imposition of consecutive prison sentences under the allied-offense statute, R.C. 2941.25.  Counsel further alleged that the imposition of consecutive sentences violated appellant's right to due process of law.  We, however, rejected appellant's arguments.
>
> Consequently, based upon the foregoing reasons, we do not believe that appellant has established a colorable claim that appellate counsel performed deficiently by failing to argue that R.C. 2929.14(C)(4) violates the . . .Fourteenth Amendment[.]

(Doc. 7, Ex. 15, at PageID 247–48).  It was not unreasonable for the state appellate court to conclude that petitioner's incomplete due process claim would not support a claim for ineffective assistance of appellate counsel.  "Consecutive sentences in themselves do not violate due process." *Conner v. Ohio*, No. 3:16 CV 1718, 2018 WL 6249922, at *9 (N.D. Ohio Aug. 2, 2018), *report and recommendation adopted*, No. 3:16CV1718, 2018 WL 6243785 (N.D. Ohio Nov. 29, 2018) (citing *Oregon v. Ice,* 555 U.S. 160, 168–72 (2009)).  *See also Powers v. Warden,* No. 2:13-CV-1179, 2015 WL 46136, at *4 (S.D. Ohio Jan. 2, 2015) ("Imposition of consecutive terms of incarceration does not violate clearly established federal law construing the Due Process Clause, or make the state court proceedings fundamentally unfair.") (citing *Ice,* 555 U.S. at 163); *Nunez v. Brunsman*, 886 F. Supp. 2d 765, 770 (S.D. Ohio 2012) (noting that "the U.S. Supreme Court has

held that the imposition of consecutive sentences for different offenses . . . does not violate the United States Constitution") (citing *Ice*, 555 U.S. at 168–72). Because petitioner's due process argument was without merit, he cannot show that the claim was clearly stronger than the arguments raised by counsel on appeal or that the state appellate court unreasonably applied *Strickland* in rejecting this claim. *See Willis*, 351 F.3d at 745.

In his habeas petition, petitioner also asserts that his right to due process was violated because § 2929.14(C)(4) is void for vagueness. (*See* Doc. 3, at PageID 30–31).[8] Petitioner did not raise this claim on direct appeal and it is therefore procedurally defaulted. *Wong*, 142 F.3d at 322. Furthermore, petitioner did not raise this claim in his Rule 26(B) application and thus cannot rely on ineffective assistance of appellate counsel to excuse the default of this claim. (*See* Doc. 7, Ex. 15, at PageID 247) (noting that appellant did not develop the due process claim in his Rule 26(B) application beyond arguing that R.C. 2929.14(C)(4) "'weaponize[s]' trial judges to usurp 'the people's will to minimize the incarceration for Ohio citizens under fourth and fifth degree felonies'"). Nor did petitioner raise the claims in his appeal to the Ohio Supreme Court from the denial of his Rule 26(B) application. (*See* Doc. 7, Exs. 16, 17). Ohio law does not permit the filing of successive Rule 26(B) applications. *See State v. Twyford*, 833 N.E.2d 289, 290 (Ohio 2005) ("[T]here is no right to file successive applications for reopening under [Rule] 26(B)" (citation and internal quotation marks omitted); *see also State v. Richardson*, 658 N.E.2d 273, 274 (Ohio 1996) (*per curiam*) (same). *Cf. Glenn v. Bobby*, No. 1:13 CV 128, 2013 WL 3421888, at *9 (N.D. Ohio July 8, 2013) ("Because [petitioner] failed to raise ineffective assistance of *appellate* counsel in the highest court in the state, that claim is procedurally defaulted.") (emphasis

---

[8]"The Due Process Clauses of the Fifth and Fourteenth Amendments provide the constitutional foundation for the void-for-vagueness doctrine." *Belle Maer Harbor v. Charter Twp. of Harrison*, 170 F.3d 553, 556 (6th Cir. 1999).

in original).  This claim is therefore procedurally barred as petitioner has not otherwise argued that cause and prejudice or a miscarriage of justice excuse this default.  *Coleman*, 501 U.S. at 750.

Finally, petitioner asserts that his right to due process was violated because § 2929.14(C)(4) purportedly violates §§ 2929.41(A) and 2941.25(A).  As with his other challenges to § 2929.14(C)(4), petitioner did not raise this claim on direct appeal and it is procedurally defaulted.  *Wong*, 142 F.3d at 322.  Nevertheless, because this claim is non-cognizable on federal habeas review, the Court need not determine whether petitioner could overcome the procedural default of this claim.  *See, e.g., Rodriguez v. Thomas*, No. CIV.A. 07-1097, 2007 WL 5041872, at *4 (E.D. Pa. Dec. 10, 2007), *report and recommendation adopted*, No. CIV.A. 07-1097, 2008 WL 926247 (E.D. Pa. Apr. 1, 2008) ("Since petitioner's claims are non-cognizable and time-barred, the Court does not reach the issues of exhaustion and procedural default").  Although petitioner frames the issue in his habeas petition as a violation of due process (*see* Doc. 3, at PageID 30), it is clear from his argument that he is raising an issue of state law.  (*See* Doc. 3, at PageID 31) (asserting that "[i]nstead of running the offenses concurrent under R.C. 2929.41(A), the trial judge opted to use a sentencing sanction enhancement statute, R.C. 2929.14(C)(4).").  "[F]ederal habeas corpus relief does not lie for errors of state law."  *Lewis,* 497 U.S. at 780.  *See also Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) ("This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is "couched in terms of equal protection and due process."); *Estelle v. McGuire,* 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

Accordingly, Ground Two should be denied.

**IT IS THEREFORE RECOMMENDED THAT:**

1.  Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 3) be **DENIED with prejudice**.

2.  A certificate of appealability should not issue with respect to the petition.  To the extent that petitioner has raised claims which this Court has concluded are procedurally defaulted, a certificate of appealability should not issue because, under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[9]  In addition, to the extent that petitioner has raised claims that have been considered on the merits herein, a certificate of appealability should not issue because petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 475 (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by petitioner to proceed on appeal *in forma pauperis*, an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis.  See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

**PROCEDURE ON OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed

---

[9]Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief.  *See Slack*, 529 U.S. at 484.

findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


Date: June 8, 2023                    /s/ Kimberly A. Jolson
                                       KIMBERLY A. JOLSON
                                       UNITED STATES MAGISTRATE JUDGE